THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RAMÓN ALVARADO, Defendant and Appellant.

No. 6466. Argued May 4, 1937.—Decided May 7, 1937.

*González Fagundo & González, Jr.,* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

The defendant-appellant was convicted of carrying a prohibited weapon on his person, and sentenced to three months in jail, with costs. In support of the present appeal he urges that the judgment rendered by the District Court of Humacao is against the weight of the evidence.

We have carefully examined the evidence of the prosecution and of the defense, and it appears therefrom that the following facts have been proved.

The defendant was employed as overseer or watchman of the Benítez Sugar Company, and he carried on his person a pistol that his employer had given him. On the day of the occurrence, while policeman Antonio Rivera Santiago was covering his beat walking towards the seashore, in Puerto Real, Vieques, he heard several shots, and upon reaching the spot where they came from, he found the defendant firing from under a palm tree. The policeman seized the defendant by the back and succeeded in disarming and arresting him. As a result of the shots fired by the defendant, one Mateo Corsino was wounded in a leg and a finger. These facts occurred in a private road that belongs to the Central Esperanza, where the public travels and by the side of which there is a settlement. The property where the events took place does not belong to the Benítez Sugar Company, the employer of the defendant; and the road to which reference had been made was not one which the defendant must necessarily use in going to or coming from the property of his employer nor in performing his duties as overseer or watchman of the estate of the Benítez Sugar Company.

The witness Mateo Corsino testified that it was against him that the defendant fired eight shots, of which two hit him, wounding him; that the defendant and he had quarreled on account of the strikes; and that the defendant does not live in the ward of Esperanza, where the facts occurred, but in the ward of Playa Grande.

The evidence of the defense tended to show that the accused had been assaulted from the back while he was on his horse lighting a cigarette, and that he had been forced to make use of the pistol in order to defend himself from the agression; that the defendant had to travel on that road in order to go to Florida, which is a property belonging to the Benítez Sugar Company.

The policeman Rivera testified that the defendant was assaulted while he was already under arrest, and after he

had fired the shots; and that when he saw the defendant that night, he had no wounds nor did he tell him anything either.

The case of People v. Bosch, 43 P.R.R. 711, invoked by the appellant, is not applicable to the case at bar. The defendant in that case, Bosch, watchman of a central, was arrested and a weapon was seized from him at the very moment that he left the property of his employer and entered the public highway for the purpose of crossing to another property to prevent the stealing of grass that belonged to his employer. The court held that because of the mere entry into a public road, the defendant had not ceased being a watchman.

In the instant case, the defendant was outside the property of his employer, and at a place over which he did not have to pass in order to discharge his duties as a watchman. Nor was the defendant, at the moment of his arrest, performing the duties of his employment, for according to his own testimony, he stopped at a small store in order to buy cigarettes and some rum, for himself and a girl who accompanied him.

In our opinion, the evidence is sufficient to support the charge. The judgment appealed from must be affirmed.